UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| In the Matter of the Application Regarding<br><br>20-002-04 | No. _4:20- mj -01_<br><br>APPLICATION FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE, AND FOR SUBSCRIBER INFORMATION "REDACTED" |
|---|---|

The United States of America, moving by and through Assistant United States Attorney Jeremy R. Jehangiri, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and trap and trace device ("pen-trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information (not to include geographic or cell site location information) associated with each communication to or from cell phone number ███████████ ("**Target Cell Phone**") described in Attachment A, operated on the network of Verizon Wireless, a wireless telephone service provider headquartered in Bedminster, NJ ("Service Provider"), and authorizing the disclosure of subscriber information pursuant to 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2) and 2703(d), for any telephones contacted by, or contacting, the **Target Cell Phone**, for a period of 60 days, provided, however, that such information shall not include the contents of any communication.

In support of this application, the United States asserts:

1.      This is an application made under 18 U.S.C. § 3122(a)(1) for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and trap and trace device.

2.      Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3.     The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4.     The law enforcement agencies conducting the investigation are Internal Revenue Service – Criminal Investigation Division, and the Federal Bureau of Investigation.

5.     The applicant hereby certifies that the information likely to be obtained by the requested pen-trap device is relevant to an ongoing criminal investigation being conducted by IRS-CI Special Agent ███████████, FBI Special Agent ████████████, Deputy U.S. Marshal ███████, and others.

6.     This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated," 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7.     Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8.     A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9.     In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

10.    The Internet is a global network of computers and other devices. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol, or "IP" address. This number is used to route information between devices. Generally, when one device requests information from a second device, the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is analogous to a telephone number and can be recorded by pen-trap devices,

and it indicates the online identity of the communicating device without revealing the communication's content.

11.    A network is two or more computers or other devices connected to each other that can exchange information with each other via some transmission method, such as by wires, cables, or radio waves. The equipment that connects a computer or other device to the network is commonly referred to as a network adapter. Most network adapters have a Media Access Control ("MAC") address assigned by the manufacturer of the adapter that is designed to be a unique identifying number. An adapter's unique MAC address allows for proper routing of communications on a local area network and may be used for other purposes, such as authentication of customers by some network service providers. Unlike a device's IP address that often changes each time a device connects to the Internet, a MAC address is fixed at the time of manufacture of the adapter. Because the address does not change and is intended to be unique, a MAC address can allow law enforcement to identify whether communications sent or received at different times are associated with the same adapter.

12.    On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header with routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size.

13.    In addition, different Internet applications are associated with different "port numbers," or numeric identifiers. The port number is transmitted along with any communication using that application. For example, port 80 typically is associated with communications involving the World Wide Web.

14.    A cellular telephone, or cell phone, is a mobile device that transmits and receives wire and electronic communications. Individuals using cell phones contract with cellular service providers, who maintain antenna towers covering specific geographic areas. In order to transmit or receive calls and data, a cell phone must send a radio signal to an antenna tower that, in turn, is connected to a cellular service provider's network.

15.    In addition to a unique telephone number, each cell phone has one or more unique identifiers embedded inside it. Depending upon the cellular network and the device, the embedded unique identifiers for a cell phone could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number

("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or an International Mobile Station Equipment Identity ("IMEI"). When a cell phone connects to a cellular antenna or tower, it reveals its embedded unique identifiers to the cellular antenna or tower, and the cellular antenna or tower records those identifiers as a matter of course. The unique identifiers—as transmitted from a cell phone to a cellular antenna or tower—are like the telephone number of an incoming call. They can be recorded by pen-trap devices and indicate the identity of the cell phone device making the communication without revealing the communication's content.

16.    In addition, a list of incoming and outgoing telephone numbers is generated when a cell phone is used to make or receive calls, or to send or receive text messages (which may include photographs, videos, and other data). These telephone numbers can be recorded by pen-trap devices and then used to identify the parties to a communication without revealing the communication's contents.

17.    A cell phone can also be used to exchange text messages with email accounts. The email addresses associated with those text messages can be recorded by pen-trap devices and then used to identify parties to a communication without revealing the communication's contents.

18.    Cellular phones can connect to the Internet via the cellular network. When connecting through the cellular network, Internet communications sent and received by the cellular phone each contain the same unique identifier that identifies cellular voice communications, such as an ESN, MEIN, MIN, SIM, IMSI, MSISDN, or IMEI. Internet communications from a cellular phone also contain the IP address associated with that cellular phone at the time of the communication. Each of these unique identifiers can be used to identify parties to a communication without revealing the communication's contents.

**THE RELEVANT FACTS**

19. 

20.    I am advised by the case agents identified above of the following:

21. 

[4]



22.

23.

24.

25.

26.

27. 

28.    The conduct being investigated involves use of the **Target Cell Phone**.  To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information (not to include geographic or cell site location information) associated with communications sent to or from that cell phone number, as well as subscriber information for the telephones contacting the **Target Cell Phone**.

29.    The pen-trap device sought by this application will record, decode, and/or capture dialing, routing, addressing, and signaling information (not to include geographic or cell site location information) associated with each communication to or from the **Target Cell Phone**, including the date, time, and duration of the communication, and the following, without geographic limit:

     a.  IP addresses associated with the cell phone device or devices used to send or receive electronic communications;

     b.  Any unique identifiers associated with the cell phone device or devices used to make and receive calls with the **Target Cell Phone**, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN;

     c.  IP addresses of any websites or other servers to which the cell phone device or devices connected;

     d.  Source and destination telephone numbers and email addresses; and

     e.  "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c).

## GOVERNMENT REQUESTS

30.    For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen-trap device to record, decode, and/or capture the dialing, routing, addressing, and

[6]

signaling information (not to include geographic or cell site location information) described above for each communication to or from the **Target Cell Phone**, to include the date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

31.    Based on the specific and articulable facts set forth above, pursuant to 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2), and 2703(d), I request that the Service Provider be ordered to supply subscriber information (including the names and addresses, whether listed or unlisted, billing information, and periods of telephone activation) related to the dialing, routing, addressing or signaling information (not to include geographic or cell site location information) captured by the pen register on the **Target Cell Phone**, as soon as practicable, 24 hours a day, for all published and non-published telephone numbers identified by the pen register as having called or been called from the **Target Cell Phone**.

32.    The United States further requests that Court's order authorize the foregoing installation and use for a period of 60 days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

33.    The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order the Service Provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order, to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap device, including installation and operation of the pen-trap device unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by IRS-CI, FBI, or USM, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

34.    The United States further requests that the Court order the Service Provider and any other person or entity whose assistance may facilitate execution of this Order, to notify the applicant, IRS-CI Special Agent ████ ████, FBI Special Agent ████████, and/or Deputy U.S. Marshal ████ ████ of any changes relating to the **Target Cell Phone**, and to provide prior notice to the applicant and the special agents before terminating or changing service to the **Target Cell Phone**.

35.    The United States further requests that the Court order that IRS-CI, FBI, USM, and the applicant have access to the information collected by the pen-trap device as soon as practicable, 24 hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

36.    The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order the Service Provider and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap device, or this investigation, unless and until authorized by this Court, except that the Service Provider may disclose this Order to its attorney for the purpose of receiving legal advice.

37.    The foregoing is based on information provided by the above-identified case agents to me in my official capacity.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of January, 2020.

RONALD A. PARSONS, JR.
United States Attorney

Jeremy R. Jehangiri
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone:  (605)357-2353
Facsimile:   (605)330-4410
E-Mail: Jeremy.Jehangiri@usdoj.gov

ATTACHMENT A "REDACTED"

| Facility | Account Number or identifier | Subscriber, if known | Subject of investigation and User of Number, if known |
|---|---|---|---|
| Verizon Wireless | ███████ | Unknown | ███████ |

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Application Regarding | No. _4:20-mj-01_ |
| 20-002-04 | ORDER FOR PEN REGISTER AND TRAP/TRACE DEVICE "REDACTED" |

Jeremy R. Jehangiri, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 & 3123, requesting that the Court issue an Order authorizing the installation and use of a pen register and trap and trace device or process ("pen/trap device") on all electronic or other transmissions of data passing through the Verizon Wireless account identified in Attachment A (herein referred to as SUBJECT ACCOUNT).

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Internal Revenue Service – Criminal Investigation Division, and the Federal Bureau of Investigation of individuals in connection with possible violations of 18 U.S.C. §§ 1343, 1349, and 1956, federal fraud and money laundering.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that a pen-trap device may be installed by Verizon Wireless and the Internal Revenue Service – Criminal Investigation Division, and the Federal Bureau of Investigation to record, decode, and/or capture all non-content dialing, routing, addressing, and signaling information associated with each communication to or from the SUBJECT ACCOUNT, including the date, time, and duration of the communication, and to record user log-in data (date, time, duration, and Internet Protocol address of all log-ins) on the SUBJECT ACCOUNTS.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for a period of sixty days (60), beginning at any time within 14 days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) & 3124(a)-(b), that Verizon Wireless and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap device, including installation and operation of the pen-trap device unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the Internal Revenue Service – Criminal Investigation Division, and the Federal Bureau of Investigation reasonably compensate Verizon Wireless and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that Verizon Wireless and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the Internal Revenue Service – Criminal Investigation Division, and the Federal Bureau of Investigation of any changes relating to the SUBJECT ACCOUNT, including changes to subscriber information, and to provide prior notice to the Internal Revenue Service – Criminal Investigation Division, and the Federal Bureau of Investigation before terminating or changing service to the SUBJECT ACCOUNT;

IT IS FURTHER ORDERED that the Internal Revenue Service – Criminal Investigation Division, and the Federal Bureau of Investigation and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the Internal Revenue Service – Criminal Investigation Division, and the Federal Bureau of Investigation, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that Verizon Wireless and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that Verizon Wireless may disclose this Order to an attorney for Verizon Wireless for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order, and shall provide copies of this Order to the Internal Revenue Service – Criminal Investigation Division, and the Federal Bureau of Investigation and Verizon Wireless upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

Dated: 1-9-2020

BY THE COURT:

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT A "REDACTED"

| Facility | Account Number or identifier | Subscriber, if known | Subject of investigation and User of Number, if known |
|---|---|---|---|
| Verizon Wireless | ████████████ | Unknown | ████████████ |